## LISHER *vs.* PIERSON.

THIS was an action of *trespass de bonis asportatis* for taking a large quantity of merchandise. The defendant pleaded several pleas. In his second plea, he justified the taking, as sheriff of the county of Oneida, by virtue of a plaint in replevin sued out by one Edward Vernon. The plaintiff replied *precludi non*, because, at the time when, &c. he *claimed the full and entire property* in the goods and chattels, whereof the defendant, as such sheriff, had due notice, wherefore, &c. The defendant rejoined, that before receiving notice of such claim, he seized and took the goods into his possession by virtue of the plaint, and *after the plaintiff claimed property* in the same, he, as such sheriff, carried away the goods, and deposited them in an adjoining building, " and there, *without making any deliverance* of the said goods and chattels, safely and securely kept and detained them in his custody, as such sheriff, until and to the end that the said claim of property should be enquired into and tried according to law, as he lawfully might, for the cause aforesaid," which, &c. wherefore, &c. To this rejoinder, the plaintiff demurred. The defendant, in his *seventh* plea, justified the taking under *two* plaints in replevin. The plaintiff put in the same replication as to the second plea, to which the defendant demurred, and for special causes of demurrer assigned, 1. That it is not averred that the act complained of was

A sheriff may not remove goods levied upon by a plaint in replevin, after a claim of property interposed, even for the purpose of safe keeping, until the claim be tried. After such claim, the defendant cannot be dispossessed.

The writ *de proprietate probanda* is always issued by the plaintiff upon the return by the sheriff of a claim of property. The defendant has no means of hastening the plaintiff's proceedings.

Where a plaintiff replies a claim of property to a plea justifying a taking of goods under a plaint in replevin, he must designate the time of the claim with precision, so that issue can be taken upon it. An averment of a claim *at the said time when*, &c. referring to the day laid in the declaration, is not sufficient on special demurrer.

done contrary to the statute ; 2. That it is not stated with sufficient certainty *when* the plaintiff claimed the property in the goods, &c. or gave notice of such claim, whether *before* or *after* the goods were taken and carried away, (the replication being general, that the plaintiff ought not to be precluded, &c. " because the plaintiff before and at the said time when, &c. in the said first count mentioned, did claim, &c.")

*S. Beardsley,* for defendant. The replication of the plaintiff to the seventh plea is bad in substance, in not averring that the sheriff made *deliverance* after the claim of property was interposed, and before it was enquired into. The sheriff is not liable to an action where he has taken goods by virtue of a plaint, merely because a claim of property is interposed, unless after such claim, and previous to its being tried, he makes deliverance by divesting the defendant and *delivering* the goods to the plaintiff in replevin, which is a *deliverance;* (*Co. Litt.* 145 *b.* 161 *a ; Bacon's Abr. tit. Replevin a ;*) and the rejoinder of the defendant, which is demurred to by the plaintiff, must be good, otherwise the remedy by replevin would be worthless. The plaintiff's replication is bad in form, for the special causes assigned. (1 *Chitty's Pl.* 358. 2 *East,* 32, 3. *Willes' R.* 599.)

*J. A. Spencer,* for plaintiff. The action is not founded on the statute ; there is, therefore, no need of the averment, *contra formam statuti,* (1 *Chitty,* 358,) and the averment *before* and at the time when, &c. the plaintiff made claim, &c. is sufficiently certain.

The principal question, however, is, what is the legal meaning of the word *deliverance ?* On the other side, it is said to be synonymous with replevin, which is a re-delivery of the goods to the plaintiff in replevin ; whereas, we contend it is the *dispossession* of the defendant, which it is the object of the statute to prevent, where a claim of property is interposed, until such claim be tried. If the sheriff could take and keep the property until the right was tried, the provision of the statute allowing a claim would be of no value. The plaintiff alone can sue out the writ of *proprietate probanda,* (*Co. Litt.* 145 *b,*) and by the sheriff being prevented from

making deliverance until the claim is tried, all inducement to delay in the suing out of that writ is taken away.

The language of the statute is : if the sheriff " shall nevertheless proceed to make deliverance and *dispossess such defendant*," before the claim of property shall be enquired into, besides being answerable for the trespass, shall forfeit, &c. (1 *R. L.* 93.) The construction of the defendant renders the words " and dispossess such defendant," entirely nugatory, which is contrary to a fundamental rule of construction, that one part of a statute must be so construed by another that the whole may, if possible, stand : *ut res magis valeat, quam pereat.* (1 *Bl. Com.* 89.) *Deliverance* means a taking from one, not a passing to another ; to set free, to release, to deliver from. (*Ainsworth's Dict. Johnson's Dict. Brown's Concord.*) Deliverance and delivery have not the same signification.

The case of *Leonard* v. *Stacy,* (6 *Mod.* 68, 139,) is directly in point, that when a claim of property is made, the sheriff, and all others acting in aid of him, must desist, until the claim be tried, or they will be trespassers. See, also, *Bacon's Abr. tit. Replevin, E.* 4.

The remedy by replevin is of a summary nature, and the plaintiff should he held to strict rules. If an eloignment is apprehended, the sheriff may keep the goods in sight, and should the defendant remove them, a *capias in withernam* may issue. The plaintiff, besides, has his action of trespass.

*Beardsley,* in reply. The case of *Leonard* v. *Stacy* determines nothing against the defendant in this cause. There, the replevin was executed, notwithstanding the claim. Not so here : the property remained in the custody of the law until the claim could be tried. If the plaintiff is right, the principal benefit of the action of replevin, the restoration of property of which a party has been unlawfully dispossessed, is defeated. The defendant, as well as the plaintiff, may sue out the writ of *proprietate probanda.*

*By the Court,* SUTHERLAND, J. The general question presented by the demurrer in this case is, whether a sheriff on a writ or plaint in replevin has a right, after a claim of

property is made by the defendant and notice thereof given to the sheriff, to proceed and take the property into his possession, or dispossess the defendant thereof, before the claim of property is inquired into or tried according to the statute. This question depends upon the construction to be given to the 6th section of the act to prevent abuses and delays in actions of replevin. (1 *R. L.* 93.) That section is as follows: "And whereas frequent abuses have been committed in the execution of writs of replevin, by sheriffs making deliverance, notwithstanding due notice and claim of property have been interposed by the defendant or possessor; for the more effectual prevention whereof, be it further enacted by the authority aforesaid, that if at any time hereafter on a writ or plaint of replevin, the defendant in replevin or possessor, shall claim property in the thing whereof deliverance is sought, and the sheriff, either by himself, his under-sheriff or bailiff, having due notice, shall nevertheless *proceed to make deliverance and dispossess such defendant thereof,* before the claim of property shall be inquired into or tried according to law, such sheriff, for every such offence, shall, besides being answerable *to the defendant for the trespass,* forfeit the sum of one hundred pounds."

The defendant contends that the sheriff may, after claim and notice, take the property into his own possession, and keep it until the right is tried, although it is admitted he cannot deliver it over to the plaintiff. Without stopping to inquire into the strict philological meaning of the term *deliverance,* whether it means to *deliver to,* as the defendant contends, or, as the plaintiff insists, "to liberate," "to set free," "to deliver from," the connection in which it stands, appears to me to leave no reasonable doubt of the sense in which it was used by the legislature in the section in question.

*The sheriff shall not proceed to make deliverance and dispossess the defendant.* There is no ambiguity or doubt as to the meaning of the latter expression. The property is not to be taken from the possession of the defendant; and it is a fundamental rule that one part of a statute must be construed by another, that the whole may, if possible, stand: *ut res magis valeat quam pereat.* (1 *Black. Comm.* 89.) It is also a

rule of equal authority, that if any part of a statute be obscure, it is proper to consider the other parts ; for the words and meaning of one part of a statute frequently lead to the sense of another. (*Bac. Abr. Statute*, 380.) And where the words of a statute are express, plain and clear, they must control doubtful and ambiguous expressions in the same statute, particularly in the same section or clause. *When it is declared, therefore, that the sheriff shall not proceed to make deliverance and dispossess the defendant*, the legislature clearly intended that the property should not be taken from the defendant. The case of *Leonard* v. *Stacy*, (6 *Mod.* 68, 140,) is an adjudication upon this precise point. That was an action of trespass for entering into the plaintiff's house and taking away her goods. The defendant justified by virtue of a replevin, and the question was upon a special verdict, whether the taking away *after claim of property* and notice thereof, did not make him a trespasser *ab initio ;* and it was held by all the court that it did.

The same rule is laid down in *Coke's Litt.* 145, *b.* where it is said that although it be provided by the statute of Marlebridge, *quod vicecomes post querimoniam inde sibi factam ea, sine impedimento vel contradictione ejus qui dicta averia ceperit, deliverare possit, &c. yet where the defendant claims property, the sheriff cannot proceed,* for it is a rule in law that property ought to be tried by writ. (2 *Sellon,* 153. *Lord St. John* v. *Saunders, Dyer,* 173, 6.) In *Bacon's Abr. tit. Replevin, E.* 4, it is said, if the defendant in replevin claims property, the sheriff cannot proceed, for property must be tried by writ. In this case, therefore, the plaintiff may have the writ *de proprietate probanda* to the sheriff, and if it be found for the plaintiff, then the sheriff is to make deliverance ; if for the defendant, then he is to proceed no farther. It is not said that he is then *to return the property to the defendant*, which would have been the language if it had been taken out of his possession. (*Shannon* v. *Shannon,* 1 *Schoale & Le Froy,* 327, *opinion of Lord Redesdale*.)

The writ *de proprietate probanda* is always issued by the plaintiff upon the return by the sheriff of a claim of property. It is an inquest of office, and the defendant has no means

NEW-YORK,  of hastening the plaintiff's proceedings.   If the property be
May, 1829.   found for the party claiming it, the plaintiff is not concluded ;
Lisher       he may sue out a new writ of replevin by the claim of prop-
v.           erty.   The first suit is substantially determined.  (6 *Bacon's*
Pierson.     *Abr.* 65, 6.   2 *Sellon,* 165.   2 *Dunlap,* 880, 1.)   It may be
said that while the question of property is trying, the defend-
ant may remove and secrete the goods, so that they cannot
afterwards be found.   This is true, but the plaintiff in such a
case may have a *capias in withernam,* by which the sheriff
may take other goods of the defendant in lieu of the distress
eloigned and withheld from the plaintiff, and the goods then
taken *in withernam* cannot be replevied until the original dis-
tress is returned.   (6 *Bac. Replev. E.* 2.   *Sell.* 155.)   The
only hazard, then, which the plaintiff incurs is, that the de-
fendant may have no property which can be taken in lieu of
the distress.   But this is a risk which every party runs who
sets up a claim to property in the hands of a third person.
The plaintiff's demurrer to the defendant's rejoinder to the
replication to the 2d plea to the first count is therefore well
taken, and he is entitled to judgment thereon.

The same questions, in substance, are presented by the de-
fendant's demurrer to the plaintiff's replication to the 7th
plea to the first count.   This, however, is a special demur-
rer, and involves some questions of form in addition to the
material question which we have been considering.   The
7th plea, after stating the plaint and proceedings in replevin,
avers that in pursuance thereof, at the time and place men-
tioned in the said count, the said defendant, as sheriff, &c.
*seized, took and carried away* the said goods and chattels in
the said first count mentioned, as he lawfully might do.   The
plaintiff replies that he ought not to be precluded, because
he saith that he, the said plaintiff, before and at the same time
when in the said first count mentioned, did claim the full and
entire property in the said goods and chattels in the said 7th
plea mentioned, &c. whereof the said David Pierson, sheriff,
&c. then and there had due notice, and this he is ready to
verify, &c.

To this replication the defendant demurs specially ; and
I am inclined to think that some of the special causes assign-

ea are well founded. The plaintiff must shew that he was NEW-YORK, dispossessed of the goods and chattels, &c. after claim of property was made, and notice thereof given to the defendant. The defendant, in his rejoinder to the plaintiff's replication to the 2d plea, expressly avers, that *after the plaintiff claimed* the said goods and chattels, he carried them away safely, and securely put and placed them in an adjoining building. Upon the demurrer to that rejoinder, therefore, the fact of taking away *after claim* and notice was admitted. But the plaintiff's replication to the 7th plea does not state with precision when the claim of property was made and notice thereof given to the defendant. The only designation of the time, is the time mentioned in the first count of the declaration; and there is no averment that the taking and carrying away complained of was *after* such claim and notice.

This, I think, is too vague. The material point in the issue is the fact of claim and notice before deliverance, and the plaintiff ought to designate the time, so that the defendant can take issue directly upon it. The time is in this case material. It ought to appear distinctly that the defendant, *after claim and notice*, proceeded to make deliverance and dispossess the plaintiff. In this respect, the replication to the 7th plea is defective upon special demurrer, and the defendant is entitled to judgment, with leave to the plaintiff to amend on payment of costs.

Judgment for plaintiff, on demurrer to the defendant's rejoinder to the replication to the 2d plea.

Judgment for defendant, on special demurrer to the plaintiff's replication to the 7th plea, with leave to the plaintiff to amend, on payment of costs.