By the Court,

Nelson, J.
The question is whether the action of trespass can be maintained on the ground that dispossession and deliverance was made of the goods after claim of property, under the 4th section of the replevin act. 1 R. L. 93. This section provides, that if the defendant or possessor shall claim property in the thing whereof deliverance is sought, (by replevin,) and the sheriff or deputy having due notice shall proceed to make deliverance and dispossess such defandant before the claim of property shall be inquired into or tried according to law, such sheriff, among other things, shall be answerable to the defendant in trespass, &c.
When this case was before the court upon demurrer, 2 Wendell, 345, it was decided that after claim of property *and notice, the sheriff could not remove the goods from the possession of the defendant, that is, in the language of the statute, make deliverance and dispossess him, until such claim be duly tried; and if he did, he was a trespasser. In Mitchell v. Hinman, 8 Wendell, 667, it was decided that if a claim of property was made to the sheriff before or at the time the defendant was summoned to appear and answer to the writ, it was in time, and the officer was bound to obey it and desist from dispossession or *61 deliverance until such claim was tried. In that case the sheriff had disregarded the claim, because he had executed the writ before notice was given ; and it also appeared such execution had taken place in the absence of the defendants without their knowledge, and before summons. It was obvious, that to have sanctioned this construction of the 4th section of the act, would have been a virtual repeal of it. We therefore held that such claim and notice at the time of the summons was sufficient.
In this case the sheriff, it is contended, ceased from dispossessing the defendant after claim of property, and the only question supposed in the case is whether he is a trespasser for not returning the goods which he had already removed. Upon the facts, we consider the goods in the same situation in relation to the legal rights of the parties, as if they had been taken to the store of Hurlburt & Brownell, instead of the plaintiff’s counting room ; and yet we can not distinguish the case from the principle deliberately settled in Mitchell v. Hinman. The sheriff has no authority to hold possession of the goods replevied, upon claim of property, until the title to them is tried. The language of the statute and writ is, that he cause the goods or chattels to be replevied and delivered to the plaintiff. 1 R. L. 91, § 1, 2. The whole proceeding, in judgment of law, is one act, and may be denominated the execution of the writ. If anything further was necessary to establish the soundness of this position, it will be found in the fact that the writ de proprietate probanda is issued upon the return of the replevin, that the claim of property by the defendant is the cause why the officer cannot execute it, and it must be returned and filed ; and the better opinion is, there is an end of that suit. Ld. St. John v. Sanders, Dyer, 173, a. 6 Bacon’s Abr. 65. Gilb. 99. Vin. Abr. tit. Replev. let. F. 583.
*The form and return of the writ where the claim of property is found for the defendant, show that he has not been dispossessed. All the books agree that then the sheriff is to proceed no farther in replevying the property: see cases above cited. If the property be found for the plaintiff, and in the mean time it has been removed or secreted, the sheriff may return upon the writ an eloignment, and a capias in withernam will be granted, which is a sufficient security to him, and was intended to provide against the risk of the property remaining with the defendant. It would be unreasonable to permit the sheriff to hold the property which he might take into his custody while executing the replevin, after claim, until decided, because neither he nor the defendant can sue out the writ de proprietate probanda; that is under the control of the plaintiff. The consequence would be, that unless the plaintiff chose to take it out, the sheriff would be obliged to keep the property, of whatever description it might be, until the termination of the replevin suit, and both parties be deprived of the use or enjoyment of it.
It seems to me, therefore, that there is no medium in which the execution of the writ of replevin may stop between leaving the goods in the possession of the defendant and making deliverance to the plaintiff. If the sheriff has rightfully dispossessed the defendant, the plaintiff is entitled to them, and the sheriff has no authority to refuse deliverance. The terms of the writ, its object festinum remedium, and the security given, all show this ; and there is no case or dicta in the books countenancing the idea that the sheriff may detain them.
Was, then, the claim of the property made too late to entitle the defendant to the benefit of it 1 If the above conclusion is sound, then there is no distinction between this case and Mitchell v. Hinman, and all the reason for the decision in- that case applies to this. But admitting the sheriff might detain the goods so far as the plaintiff is concerned, we should come to the same result; otherwise the effect of such claim could always be evaded. An officer could *63 in every case, by management, obtain possession of the property before the de fendant could know that the precept was in existence; and whether it remained locked up with him, or is delivered over to the plaintiff, #must be indifferent to the defendant. We cannot believe so important a provision of the statute may be easily defeated, and we are sure it cannot, under the construction given it in the above case. Nor is there any thing in it severe upon the officer; he should not remove the property until the defendant was summoned, and if no claim is then put in, the writ may be executed by deliverance to the plaintiff. This is the only notice which, in judgment of law, the defendant has of the replevin, and without it he would not be enabled to claim his rights. The statute, in terms, contemplates the summons at the time of the execution of the writ. 1 R. S. 91, § 1. The sheriff should then serve it, and the party would have the opportunity to put in his claim, if he chose, before dispossession or deliverance. It is now provided by statute, 2 R. S. 525, §13, that the sheriff may take possession, notwithstanding a claim of property; but the duty is very properly imposed upon him forthwith to summon a jury to appear and try the claim, within a time not exceeding two days.
New trial denied.