By the Court,

Nelson, Ch, J.
I am of opinion the judge erred in his charge to the jury. There was evidence tending to establish the fact, that a portion of the goods seized had been removed before the claim of property was put in by Lisher; and that he had been summoned upon the writ previous to such removal. It is true, that such portion was only removed into the counting room of the store, but by an arrangement with the officer, it was agreed if he would leave the goods there, it should be considered of the same effect as if they were taken to a neighboring store to which it had been proposed to remove them. The transaction should be regarded, therefore, in the same' light as if the goods had been removed to the neighboring store. After the sheriff has lawfully dispossessed the party of the goods, in other words removed them out of his possession under and by virtue of the writ, the claim of property comes too late. This principle is conceded in all the cases (2 Wendell, 345; 8 id. 667; 11 id. 58). The statute makes the officer a trespasser, if he dispossesses the party after notice of the claim; which necessarily presupposes the claim to be put in before the dispossession made. A seizure and removal, or dispossession without claim, is not within the statute, nor can a subsequent claim bring the case within it, or make the officer a trespasser by relation. This action of trespass is given by the statute, and the plaintiff must bring the case within its provisions to maintain it; from these it is clear, that the sheriff must have notice of the claim to make the act of dispossession a trespass. This somewhat penal suit is given in consequence of disregarding the claim of property. It appears from the former opinion of the court in this case (2 Wendell, 345), that after claim put in,- the property is to remain with the claimant until an inquisition to the writ de proprietate probanda is returned. If the inquisition be found [521] against him, he is dispossessed; if found in his favor, the property is left with him.
In Mitchell v. Hinman (8 Wendell, 667), the sheriff first seized and took possession of the property, and then summoned the person in whose possession it was found, and thereupon a claim of property was put in, and disregarded. An action for the penalty given by the statute was brought, and the defence interposed was, that the party had been dispossessed before notice of the claim, and therefore it was insisted that the case was not within the statute. We held that the notice was in season if given when the party was summoned; not that it was sufficient to give it after dispossession .had rightfully taken place; but that the sheriff had no right to dispossess the party under the writ till summoned: that this was a part execution of it, and an essential step, to give the officer absolute control over the property seized; that the removal should be delayed till the summons was served. It was not intended to countenance the idea, that a claim put in after the dispossession had become complete by the regular execution of the process, could in any case operate to make the officer a trespasser by relation within the statute. Now, here, the evidence tended to establish the facts that the plaintiff had been summoned and the goods removed out of his possession before the claim was interposed, which, if maintained, took the case out of *294 the statute according to all the authorities. The fact that more goods had been seized than were removed, can not change the condition of those actually removed, or the law of the case. The sheriff ceased the removal, as is alleged, when the claim of property was put in. That he was bound to do, till the right of the property remaining was tried. If he did not choose to take that course, the plaints in replevin would be inoperative in respect to it, but would be a protection as to 1lie portion already removed, and of which a lawful disposition had been effected.
The time that may have elapsed between the dispossession and the making of the claim can not be regarded; the case of Mitchell v. Hinman secures [522] to the party the opportunity to make this claim in all cases in season to protect his rights. If he neglect to make the claim until the property is removed, his right under the statute is gone; the officer has fairly acquired the possession and control of it; in other words, dispossessed the the claimant in the course of the regular execution of the process without the notice, which .is essential to turn the act into a trespass.
New trial granted; cost to abide the event.